**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000192
27-SEP-2011
08:15 AM**

NO. CAAP-10-0000192

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
BONNIE LEE SANIDAD RARANGOL, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-0641)


MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Bonnie Lee Sanidad Rarangol
(**Rarangol**) appeals from the Second Amended Judgment of Conviction
and Sentence, filed on November 10, 2010, in the Circuit Court of
the First Circuit (**Circuit Court**).[1]

Rarangol pled no contest to two counts (Count 1 and 3)
of Operating a Vehicle After License and Privilege Have Been
Suspended or Revoked for Operating a Vehicle Under the Influence
of an Intoxicant, in violation of Hawaii Revised Statutes (**HRS**)
§ 291E-62(a)(1) and/or (a)(2) (Supp. 2009), (b)(3) (2007) and two
counts (Counts 2 and 4) of Driving Without Motor Vehicle
Insurance, in violation of HRS § 431:10C-104(a) (Supp. 2009) and
431:10C-117(a) (Supp. 2009).

On Counts 1 and 3, Rarangol was sentenced to one year
incarceration, suspended to seven days, a $2000.00 fine for each

---

[1] The Honorable Michael D. Wilson presided.

count, restitution of $1000.00, and permanent license revocation. On Counts 2 and 4, Rarangol was sentenced to three days incarceration, a fine of $500 for each count (converted to three days incarceration), and a 90-day license suspension. The terms were to be served concurrently.

On appeal, Rarangol contends that the Circuit Court erred when it concluded that it could not impose a suspended sentence with respect to her permanent license revocation in Counts 1 and 3.

## I. BACKGROUND

Rarangol argued to the Circuit Court that, although HRS § 291E-62(b)(3) required that Rarangol's license be permanently revoked, because she had two or more prior convictions for driving without a license while her license was suspended or revoked, under HRS § 706-605(3) (Supp. 2009) and State v. Batson, 99 Hawai'i 118, 53 P.3d 257 (2002), the court had the discretion to impose a suspended sentence with respect to permanently suspending her license.

The Circuit Court suspended the one-year imprisonment required under HRS § 291E-62(b)(3)(A) to seven days, but stated:

> In this case there is a provision of the law that says that your license would be suspended permanently. I don't - - I'm not going to substitute my judgment for the legislature's judgment but I am persuaded that I do not have discretion to suspend any portion of your license suspension, so it would be permanent.

Rarangol timely filed this appeal.

## II. STANDARD OF REVIEW

The interpretation of a statute is a question of law reviewable de novo. See, e.g., Carlisle v. One (1) Boat, 119 Hawai'i 245, 253, 195 P.3d 1177, 1185 (2008).

## III. DISCUSSION

At the time Rarangol committed the offenses in Count 1 and 3, HRS § 291E-62(b) (2007) stated:

> (b) Any person convicted of violating this section shall be sentenced as follows:

. . . .

>(3)     For an offense that occurs within five
>         years of two or more prior convictions for
>         offenses under this section or under
>         section 291-4.5 as that section was in
>         effect on December 31, 2001:
>         (A)    One year imprisonment;
>         (B)    A $2,000 fine; and
>         (C)    Permanent revocation of the person's
>                license and privilege to operate a
>                vehicle.

Rarangol contends that HRS § 706-605(3) allows the Circuit Court to impose a suspended sentence for HRS § 291E-62(b)(3)(C).

The State counters that the word "shall" in HRS § 291E-62(b) must be interpreted as mandatory, pointing to the legislative history of HRS § 291-4.5 (2001), the predecessor to HRS § 291E-62, as evidence that the Circuit Court must impose a permanent license revocation. The State also contends that HRS § 706-605 does not apply because "license suspension is not one of the four dispositions authorized in subsection (1), those being probation, fine, imprisonment and community service, [the] trial court did not err in concluding it was without authority to suspend the permanent driver's license revocation."

We agree that, under HRS § 291E-62(b)(3), the Circuit Court must sentence Rarangol to one year of imprisonment, a $2000 fine, and permanently revoke Rarangol's license to operate a vehicle. However, the question is whether the Circuit Court can suspend any part of the sentence, pursuant to HRS § 706-605, not whether the Circuit Court has the discretion to deviate from the required sentence under HRS § 291E-62(b)(3).

HRS § 706-605 states:

>**§706-605 Authorized disposition of convicted
>defendants.** (1) Except as provided in parts II and
>IV or in section 706-647 and subsections (2), (6), and
>(7), and subject to the applicable provisions of this
>Code, the court may sentence a convicted defendant to
>one or more of the following dispositions:
>
>    (a)    To be placed on probation as authorized by
>           part II;

3

(b)     To pay a fine as authorized by part III and section 706-624;

(c)     To be imprisoned for a term as authorized by part IV; or

(d)     To perform services for the community under the supervision of a governmental agency or benevolent or charitable organization or other community service group or appropriate supervisor; provided that the convicted person who performs such services shall not be deemed to be an employee of the governmental agency or assigned work site for any purpose. All persons sentenced to perform community service shall be screened and assessed for appropriate placement by a governmental agency coordinating public service work placement as a condition of sentence.

(2)     The court shall not sentence a defendant to probation and imprisonment except as authorized by part II.

(3)     In addition to any disposition authorized in subsection (1), the court may sentence a person convicted of a misdemeanor or petty misdemeanor to a suspended sentence.

(4)     The court may sentence a person who has been convicted of a violation to any disposition authorized in subsection (1) except imprisonment.

(5)     The court shall sentence a corporation or unincorporated association that has been convicted of an offense in accordance with section 706-608.

(6)     The court shall impose a compensation fee upon every person convicted of a criminal offense pursuant to section 351-62.6; provided that the court shall waive the imposition of a compensation fee if it finds that the defendant is unable to pay the compensation fee. When a defendant is ordered to make payments in addition to the compensation fee, payments by the defendant shall be made in the following order of priority:

(a)     Restitution;

(b)     Crime victim compensation fee;

(c)     Probation services fee;

(d)     Other fees; and

(e)     Fines.

(7)     The court shall order the defendant to make restitution for losses as provided in section 706-646.

4

> In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order. The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.
>
> (8) This chapter does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty. Such a judgment or order may be included in the sentence.

In <u>Batson</u>, the issue on appeal was whether the district court erred by suspending 25 days of a minimum 30 day jail sentence for a violation of HRS § 707-712.5 (2001). <u>Batson</u>, 99 Hawaiʻi at 119-20, 53 P.3d at 258-59. At the time, HRS § 707-712.5 stated in relevant part:

> **Assault against a police officer.** (1) A person commits the offense of assault against a police officer if the person:
>
> (a) Intentionally, knowingly, or recklessly causes bodily injury to a police officer who is engaged in the performance of duty; or
>
> (b) Negligently causes, with a dangerous instrument, bodily injury to a police office who is engaged in the performance of duty.
>
> (2) Assault of a police officer is a misdemeanor. The court shall, at a minimum, sentence the person who has been convicted of this offense to imprisonment for no less than thirty days.

<u>Id.</u> at 120, 53 P.3d at 259.

> The supreme court in <u>Batson</u> stated:
>
> Because a conviction under HRS § 707-712.5 is a misdemeanor, it is subject to HRS § 706-605. HRS § 706-605 sets forth the "Authorized dispositions of convicted defendants," and provides in relevant part, "In addition to any disposition authorized in subsection (1) of this section, the court may sentence a person convicted of a misdemeanor or petty misdemeanor to a suspended sentence." HRS § 706-605(3) (1993 & Supp.2000) (emphasis added).
>
> A "sentence" is defined as, "The judgement formally pronounced by the court or judge upon the defendant after his conviction to be inflicted, usually in the form of a fine, incarceration, or

5

> probation..." Black's Law Dictionary 1362 (6th ed. 1990).
>
> Here, the statute does not specifically state that the convicted "shall serve" the minimum sentence, nor does the statute explicitly limit the court's ability to suspend a sentence. The language of the statute simply states that the court shall "sentence" the convicted to no less than thirty days imprisonment. Thus, under a plain meaning analysis, the sentencing court may sentence Batson to a suspended sentence.

Id. at 121, 53 P.3d at 260.

The Batson court went on to state that "when the legislature has intended to carve out an exception to HRS § 706-605, it has been *express* when doing do." Id. at 121, 53 P.3d at 260. The court specifically noted:

> The legislature has also expressly carved out exceptions in other sentencing statutes. See HRS § 291E-61(b) (Supp. 2001) ("A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows *without possibility of probation or suspension of sentence* . . .")[.]

Id. at 122, 53 P.3d at 261.

In this case, a violation of HRS § 291E-62 is a misdemeanor. See HRS § 701-107. The statute does not contain language that states a defendant "shall serve" a sentence nor does the statute limit the court's ability to suspend the sentence. Therefore, HRS § 706-605 is applicable to HRS § 291E-62(b).

Contrary to the State's argument, the legislative history of HRS § 291E-62(b) supports Rarangol's case. Act 189 (2000) created HRS §§ 291E-61 and -62 at the same time. As noted in Batson, HRS § 291E-61(b) specified that the sentence was "without possibility of probation or suspension of sentence." Id. The legislature did not carve out an exception to HRS § 706-605 when it failed to include parallel language in HRS § 291E-62(b).

In 2008, Act 171 modified HRS § 291E-61(b) by removing "without possibility of probation or suspension of sentence,"

because the legislature wanted drivers to install ignition interlock devices.  In Act 166 of 2010, effective January 1, 2011, the legislature again modified HRS Chapter 291E by adding "without possibility of probation or suspension of sentence," back in to HRS § 291E-61(b).  However, this time, Act 166 also added similar language to HRS § 291E-62(b), which now states:

> (b) Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

Despite the State's claim that "[i]n light of the 2010 legislative amendment the trial court has now clearly been divested of the authority to suspend any portion of the sentence mandated by HRS § 291E-62(b)(3)", prior to the effective date of Act 166, the statute did not carve out an exception to HRS § 706-605.  With Act 166, the legislature expressly carved out an exception to HRS § 706-605 to make probation and suspension of sentence inapplicable to HRS § 291E-62(b) for violations committed after its effective date.

Accordingly, the Circuit Court erred by sentencing Rarangol under an erroneous belief that it lacked discretion to suspend the sentence required by HRS § 291E-62(b)(3)(C).[2]

## IV.  CONCLUSION

The Circuit Court's Second Amended Judgment of Conviction and Sentence, filed on November 10, 2010, is vacated

---

[2] This court expresses no opinion on whether it would have been appropriate to exercise such discretion under the circumstances of this case.

and the case is remanded for resentencing consistent with this memorandum opinion.

DATED:  Honolulu, Hawai'i, September 27, 2011.

On the briefs:

Pamela Lundqust
Deputy Public Defender
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge